# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA ex rel. Department of Transportation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 19-CV-0284-CVE-JFJ<br>) |
| UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS, on behalf of Heirs of Tract ID 812-44, MISTY R. BELVIN, EDWARD A. FEATHER, JOHN J. JAKE, SHIRLEY C. LOGAN, RICHARD E. ROBERTS, JAMES C. ROBERTS, JR., deceased his known or unknown heirs, executors, administrators, legatees, devisees, trustees, creditors and assigns, KATHRYN E. WHITE, SIMEAH C. WHITE, JAMES W. ZOTIGH, and MARK MITCHELL, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for service by publication (Dkt. # 4). Plaintiff brings this action pursuant to 25 U.S.C. § 357 and OKLA STAT. tit. 69, § 1203, seeking to acquire an interest in a tract of land for the purpose of establishing, constructing, and maintaining the state transportation system in Pawnee County, Oklahoma. Dkt. # 2, at 1. Plaintiff notes that defendants have or claim to have an interest in the tract of land at issue. Dkt. # 4, at 1. Plaintiff filed a motion to serve the eleven named defendants, as well as Shirley Logan Life Estate, Larry Goodfox, U.S.

Attorney General William Pelham Barr, and U.S. Attorney for the Northern District of Oklahoma R. Trent Shores, by publication. Dkt. # 4.

Pursuant to 25 U.S.C. § 357, "[l]ands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee." Accordingly, § 357 directs the Court to apply the state substantive law in such proceedings. It is well-settled, however, that even when a federal court applies state substantive law, service should be made in the manner prescribed by the Federal Rules of Civil Procedure, rather than by state law. See Hanna v. Plumer, 380 U.S. 460, 466 (1965). Thus, plaintiff must serve defendants in accordance with Federal Rule of Civil Procedure 4.

Plaintiff's complaint names ten individuals and the United States Department of Interior, Bureau of Indian Affairs as defendants. Defendant U.S. Department of Interior is considered an agency of the United States. Rule 4(i)(2) states that, "[t]o serve a United States agency or corporation, . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, [or] corporation . . . ." Further, "[t]o serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . ." Accordingly, to serve defendant U.S. Department of Interior, plaintiff is required to (1) deliver a copy of the summons and of the complaint to U.S. Attorney Shores, or send a copy of each by registered or certified mail to the civil-process clerk at the U.S. attorney's office;

(2) send a copy of the summons and complaint by registered or certified mail to the U.S. Attorney General Barr; and (3) send a copy of the summons and complaint by registered or certified mail to defendant U.S. Department of Interior. Moreover, the Federal Rules of Civil Procedure do not provide for service upon an agency of the United States by publication. Accordingly, the Court finds that plaintiff's request to serve defendant U.S. Department of Interior, U.S. Attorney Shores, and U.S. Attorney General Barr by publication should be denied.

Next, the Court turns to the proper method under Rule 4 for serving the ten individual defendants. Plaintiff's counsel has not provided an address for one of those individual defendants, James C. Roberts, Jr. Moreover, plaintiff has determined that defendant Roberts is deceased. Plaintiff's counsel also asserts that, "with and after the exercise of due care and upon diligent inquiry," he is unable to ascertain "[t]he names or whereabouts of the unknown successors, if any, of named decedent." Dkt. # 4, at 2. Rule 4 does not provide a method for serving a deceased individual's unknown successors for whom plaintiff does not have an address. However, Rule 4 does provide that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). OKLA STAT. tit. 69, § 1203 provides that, with respect to "unknown heirs or other persons whose whereabouts cannot be ascertained," notice may be made "by publication in two issues of a newspaper in general circulation in the county . . . ." Section 1203 further provides that "[t]he procedure for service by publication as authorized herein shall be the same as provided by law for service by publication in civil actions, except summons need not be issued and served, and except as otherwise provided

herein." Accordingly, the Court finds that plaintiff's request to serve the unknown heirs of defendant James C. Roberts, Jr., by publication should be granted.

Plaintiff's counsel has provided the addresses for the nine remaining individual defendants. Rule 4 provides that an individual may be served in a judicial district of the United States by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Despite having the addresses of these nine defendants, plaintiff's counsel requests to serve those defendants by publication because, "with and after the exercise of due care and upon diligent inquiry," he is unable to ascertain, <u>inter alia</u>, "[w]hether a person named as defendant is living or dead, and, if dead, the names or whereabouts of the person's successors, if any." Dkt. # 4, at 2. The Court notes that it is possible that any of those nine individual defendants is deceased. However, it is also possible that those nine individual defendants are alive and are residing at the addresses provided by plaintiff's counsel. Actual notice is, of course, the goal of Rule 4. Therefore, in light of the possibility that these nine individuals are alive and residing at the addresses provided by plaintiff's counsel, the Court finds that plaintiff is required to serve those nine individual defendants by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to

an agent authorized by appointment or by law to receive service of process."[1] Fed. R. Civ. P. 4(e)(2). In addition, to the extent plaintiff's counsel is unable to ascertain whether any of the nine individual defendants is deceased, and, if so, the names or whereabouts of the person's successors, plaintiff is permitted to serve the unknown heirs of those individual defendants by publication.

**IT IS THEREFORE ORDERED** that plaintiff's motion for service by publication (Dkt. # 4) is **granted in part** and **denied in part** as follows:

- the motion is granted with respect to the request to serve the unknown heirs of defendant James C. Roberts, Jr., by publication;

- the motion is denied with respect to the request to serve defendant United States Department of Interior, Bureau of Indian Affairs; U.S. Attorney General William Pelham Barr; and U.S. Attorney for the Northern District of Oklahoma R. Trent Shores, by publication;

- the motion is denied with respect to the request to serve defendants Misty R. Belvin, Edward A. Feather, John J. Jake, Shirley C. Logan, Richard E. Roberts, Kathryn E. White, Simeah C. White, James W. Zotigh, and Mark Mitchell, as well as Shirley Logan Life Estate and Larry Goodfox, by publication; and

- the motion is granted with respect to the request to serve the unknown heirs, if any, of defendants Misty R. Belvin, Edward A. Feather, John J. Jake, Shirley C. Logan, Richard E. Roberts, Kathryn E. White, Simeah C. White, James W. Zotigh, and Mark Mitchell, by publication.

---

[1] Plaintiff also seeks to serve Shirley Logan Life Estate and Larry Goodfox. Plaintiff is directed to serve the life estate and Goodfox in the same manner as the individual named defendants.

**IT IS FURTHER ORDERED** that plaintiff is permitted to serve the unknown heirs of defendant James C. Roberts, Jr., by publication in accordance with OKLA STAT. tit. 69, § 1203.

**IT IS FURTHER ORDERED** that plaintiff is directed to serve defendant United States Department of Interior, Bureau of Indian Affairs by (1) delivering a copy of the summons and complaint to the United States Attorney for the Northern District of Oklahoma, (2) sending a copy of the summons and complaint by registered or certified mail to the United States Attorney General, and (3) sending a copy of the summons and complaint by registered or certified mail to defendant United States Department of Interior, Bureau of Indian Affairs.

**IT IS FURTHER ORDERED** that plaintiff is directed to serve defendants Misty R. Belvin, Edward A. Feather, John J. Jake, Shirley C. Logan, Richard E. Roberts, Kathryn E. White, Simeah C. White, James W. Zotigh, and Mark Mitchell, as well as Shirley Logan Life Estate and Larry Goodfox, by doing any of the following: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**IT IS FURTHER ORDERED** that plaintiff is permitted to serve the unknown heirs, if any, of defendants Misty R. Belvin, Edward A. Feather, John J. Jake, Shirley C. Logan, Richard E. Roberts, Kathryn E. White, Simeah C. White, James W. Zotigh, and Mark Mitchell, by publication in accordance with OKLA STAT. tit. 69, § 1203.

**DATED** this 18th day of June, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE